IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 22, 2004

## STATE OF TENNESSEE, ET AL. v. 1998 DELINQUENT TAXPAYERS

**Appeal from the Chancery Court for Hamilton County**
**Nos. 11184 and 5557      W. Frank Brown, III, Chancellor**

_____

**No. E2004-00008-COA-R3-CV  - FILED DECEMBER 22, 2004**

_____

This appeal stems from an action filed by the State of Tennessee, in its own behalf and for the use and benefit of Hamilton County and certain municipalities ("the state"), against property owners (collectively "the defendants") who had not paid their 1998 real estate taxes. Following the entry of a default judgment as to certain property, a delinquent tax sale was conducted at which Carlton Ditto and Positive Impact, Inc. ("the purchasers") bought a parcel of land. The purchase, however, was subsequently voided because the Hamilton County Property Assessor ("the Property Assessor") inadvertently reflected someone other than the true owner on its property rolls. As a consequence of this mistake, the true owner of the property was never made a party to the delinquent tax suit. The purchasers sought compensation for interest on the bid amount and the cost of recording the decree of sale. The purchasers also sought damages for the state's negligence. The trial court awarded interest on the bid amount and the cost of recording the decree, but refused to award damages for negligence. The state appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY and SHARON G. LEE, JJ., joined.

Terry L. McGhehey, Chattanooga, Tennessee, for the appellant, State of Tennessee, in its own behalf and for the use and benefit of Hamilton County, Town of East Ridge, Lookout Mountain, Ridgeside, Red Bank, Lakesite, Soddy Daisy, Collegedale, and Walden, Tennessee.

Hallie H. McFadden, Chattanooga, Tennessee, for the appellees, Carlton J. Ditto and Positive Impact, Inc.

**OPINION**

I.

On February 16, 2000, the state filed a delinquent tax suit against the defendants for unpaid real property taxes. One of the defendants was Chattanooga Partners, Ltd. Subsequent to a default judgment as to that defendant, a delinquent tax sale of the property owned by Chattanooga Partners, Ltd. was held on June 6, 2002. At the sale, the purchasers successfully bid $1,020.34 for the property. The trial court entered a decree on June 24, 2002, confirming the sale The purchasers subsequently recorded the decree at a cost of $26.78.

On August 5, 2003, the trial court entered an order setting aside the delinquent tax sale on the ground that the sale was in error. The trial court took this action based upon its determination that, prior to the years for which the delinquent taxes were due, on February 27, 1997, the property in question had been sold by Chattanooga Partners, Ltd. to Buckingham Apartments, LLC. The Property Assessor, however, had maintained the tax records under the name of the previous owner, Chattanooga Partners, Ltd. Since Buckingham Apartments, LLC, was not named as a defendant in the delinquent tax suit and consequently received no notice of the suit, the sale was voided on constitutional grounds. The court set aside the sale and ordered that the bid/purchase amount of $1,020.34 be refunded to the purchasers.

The purchasers did not receive prior notice of the order setting aside the sale. Therefore, upon receipt of a copy of the order, the purchasers moved for additional funds by motion filed on August 28, 2003. In particular, the purchasers sought the following: (1) ten percent interest on the original bid amount computed through August 4, 2004[1]; (2) reimbursement in the amount of $26.78 for costs incurred in recording the decree confirming sale; and (3) damages in the amount of $100 for the negligence of Hamilton County. The state responded that the provision relied upon by the purchasers only pertained to redeemed property, unlike the instant case where the delinquent tax sale was set aside and voided by court order. Therefore, according to the state, there was no provision in the law that would permit the purchasers to recover interest or expenses. The state further averred that it was entitled to immunity under the Governmental Tort Liability Act ("the GTLA"). The purchasers subsequently amended their motion, asking in the alternative that the court either set aside

---

[1]In their motion, the purchasers alleged that had the property been redeemed, Tenn. Code Ann. § 67-5-2703 (2003), would authorize them to recover interest on the bid amount. The statute provides that

> [i]n order to redeem property which has been sold, any person entitled to redeem the property shall pay to the clerk of the court who sold the property the amount paid for the delinquent taxes, interest and penalties, court costs and any court ordered charges, and interest at the rate of ten percent (10%) per annum computed from the date of the sale on the entire purchase price paid at the tax sale.

the order setting aside the delinquent tax sale or direct the state's delinquent tax attorney to enjoin appropriate parties.[2]

Following a hearing, the trial court entered an order on October 30, 2003. In that order, the trial court agreed with the state that this was not a redemption case, but it nonetheless found that under another provision of the code – Tenn. Code Ann. § 67-5-2504(a)(1) (2003) – the purchasers were entitled to relief. The trial court therefore awarded 10% interest on the $1,020.34 from June 6, 2002, through August 5, 2003, *i.e.*, $119.04, and the cost of recording the decree confirming sale, which amounted to $26.78. It denied the purchasers' request for damages. From this order, the state appeals.

II.

The singular issue presented by this appeal is whether the trial court erred in requiring the state to pay interest and the cost of recording when the sale was voided due to an error by the Property Assessor. Since this issue presents a question of law, our review is *de novo* on the record before us, according no presumption of correctness to the trial court's judgment. ***Southern Constructors, Inc. v. Loudon Co. Bd. of Educ.***, 58 S.W.3d 706, 710 (Tenn. 2001).

The state contends that the trial court's decision was erroneous on two grounds: (1) that the trial court's reliance upon Tenn. Code Ann. § 67-5-2504(a)(1) was misplaced as that statute, according to the state, does not apply to voided tax sales; and (2) that a section of the GTLA, codified at Tenn. Code Ann. § 29-20-205 (2000), confers immunity upon the state for the inadvertent error of the Property Assessor in listing the incorrect property owner. We address each contention in turn.

---

[2]In particular, the purchasers alleged that pursuant to Tenn. Code Ann. § 67-5-2405(b) (2003), additional parties may be added since that provision provides that

> [t]he bill shall be in substance and form as other bills of complaint for the enforcement of liens and shall include not less than twenty-five (25) defendants, if that number are delinquent; and the bill (one (1) bill) may be filed against and contain the names of all the delinquent taxpayers in the county, and the fact that the bill contains the names of more than one (1) defendant shall not be considered by the court multifarious, or a misjoinder of parties. Additional defendants may be added to the suit as a matter of right upon the filing of a notice on behalf of the complainant to add additional defendants. Upon the filing of such notice, the additional defendants shall be served with process pursuant to the Rules of Civil Procedure and § 67-5-2415.

III.

In holding that the purchasers were entitled to interest on the bid amount, the trial court relied upon Tenn. Code Ann. § 67-5-2504(a)(1), which provides as follows:

> Any person who buys real estate sold for delinquent taxes which were a lien thereon, and who shall for any cause fail to get a good title or to recover possession of the realty, shall be subrogated to all liens that secured the taxes, and all interest, costs, penalties and fees; and such person shall have the right to enforce the same in chancery for the reimbursement of the purchase money paid by such person and interest thereon.

The trial court determined that under Tenn. Code Ann. § 67-5-2701, *et seq.*, a true owner who had redeemed his or her property or filed a lawsuit to set aside a sale would be responsible for the interest incurred on the bid money. Therefore, since the sale was voided due to a mistake by the Property Assessor in not listing the property under the proper owner, it was incumbent upon the state to reimburse the purchasers for the interest accrued.

The state argues that the trial court's reliance upon Tenn. Code Ann. § 67-5-2504(a)(1) is misplaced because, so the argument goes, that statute does not apply to voided tax sales. In support of this argument, the state places its sole reliance upon language in the case of **Inman v. Raymer**, No. E2003-01964-COA-R3-CV, 2004 WL 948386 (Tenn. Ct. App. E.S., filed May 4, 2004). In that case, we stated that, *under the circumstances existing there*, "Tenn. Code Ann. § 67-5-2504 is not implicated because that statute does not address tax sales that are void in nature." ***Id.***, at *3. We hold, however, that the ***Inman*** case is not instructive with respect to the facts of the case at bar. In ***Inman***, we addressed whether the three-year period set forth in Tenn. Code Ann. § 67-5-2504(d)[3] precluded a grantee in a tax sale deed from filing a complaint to quiet title prior to the expiration of the three-year statutory period. ***Id.***, at *1. The scope of that decision, and therefore its language, only pertains to that three-year period. At no time did we reference that part of the statute upon which the trial court relied in the instant case. Therefore, since the language in ***Inman*** cited by the state only pertains to subsection (d) of Tenn. Code Ann. § 67-5-2504, a part of the statute not implicated by the facts of the instant case, ***Inman*** does not support the state's position in the case at bar.

---

[3]Tenn. Code Ann. § 67-5-2504(d) provides as follows:

> No suit shall be commenced in any court of the state to invalidate any tax title to land after three (3) years from the time the land was sold for taxes, except in case of persons under disability, who shall have one (1) year in which to bring suit after such disability is removed.

We hold that the trial court's reliance on Tenn. Code Ann. § 67-5-2504(a)(1) to award interest on the bid amount to the purchasers was proper. The statute provides that a purchaser "who shall *for any cause* fail to get a good title or to recover possession of the realty" is entitled to enforce a claim in chancery "for the reimbursement of the purchase money paid by such person *and interest thereon*." Tenn. Code Ann. § 67-5-2504(a)(1) (emphasis added).[4] Since the purchasers in the instant case failed to recover possession of the subject real estate, we find it is proper for the state to compensate the purchasers as decreed by the trial court since it was the state's error that caused the tax sale to be voided.

IV.

The state also contends that it is shielded from liability in this matter under the section of the GTLA codified at Tenn. Code Ann. § 29-20-205. In particular, the state relies on the following provision:

> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:
>
> * * *
>
> (8) or in connection with the assessment, levy or collection of taxes;

Tenn. Code Ann. § 29-20-205(8). The state contends that the Property Assessor's inadvertent error in listing the wrong property owner on the tax records is exactly the type of situation contemplated by the cited provision of the GTLA.

In its decision, the trial court refused to hold that the state was immune under the GTLA, stating that

---

[4]The purchasers direct us to the case of **Hunt v. Liles**, 243 S.W.2d 149 (Tenn. Ct. App. 1950), as further support for the trial court's decision. In that case, we stated, in the context of a voided tax sale, that

> [u]nder our cases a purchaser at a void tax sale or his successor is liable for rent but entitled to reimbursement of the purchase price and all amounts expended for the owners benefit, such as taxes and lien debts and for the enhanced value of the property due to his improvements.

**Id.** at 153. The purchasers contend that this case is "on all fours with the case at hand." In its reply brief, however, the state attempts to distinguish **Hunt** from the case at bar, arguing that the language cited only pertains to reimbursement from purchasers, that no such amounts were expended for the owner's benefit in this case, and that the opinion does not make any mention about interest on the purchase money. In light of our disposition of this appeal, we do not find it necessary to address the parties' disagreement pertaining to the **Hunt** case.

[t]he Legislature has given counties the right to sell taxpayer's real estate if the real estate taxes are not paid. One can argue whether the "wrong" was the failure to include Part Lot 2 with the other tract of land when both tracts were transferred to Buckingham Apartments, LLC in February of 1997 or something else. That "error" was not part of the "assessment, levy or collection of taxes" exception found in [Tenn. Code Ann.] § 29-20-205(8). Further, the Legislature has said that when property is wrongfully sold, then the purchaser *is* entitled to his/her/its bid price *plus* interest. The Legislature did not say "unless the property is sold by a governmental entity" or "unless the reason the sale is set aside is due to the county's fault." Further, the "true owner" of the real estate sold has never been properly and legally brought before the court, so no valid judgment could be entered against the owner for interest or anything else.

We agree with the trial court's decision. We do not find that the error committed by the Property Assessor falls under the rubric of the "assessment, levy or collection of taxes," Tenn. Code Ann. § 29-20-205(8), and the state cites no authority that would suggest otherwise. Therefore, the state is liable to the purchasers for the interest owed on the bid amount and the cost of recording the court's decree of sale.

V.

With respect to the allegation of negligence, the trial court declined to award damages in the amount of $100 as requested by the purchasers. In support of its decision, the trial court noted that the Legislature articulated the relief to which a purchaser was entitled, and liquidated damages were not included among the available remedies. *See* Tenn. Code Ann. § 67-5-2504(a)(1). We find this to be a proper interpretation of the statutory language, and the purchasers have not argued otherwise on appeal.

VI.

The judgment of the trial court is affirmed. This case is remanded to the trial court for enforcement of the trial court's judgment and for collection of costs assessed below, all pursuant to applicable law. Costs on appeal are taxed to the State of Tennessee, in its own behalf and for the use and benefit of Hamilton County, Town of East Ridge, Lookout Mountain, Ridgeside, Red Bank, Lakesite, Soddy Daisy, Collegedale, and Walden, Tennessee.

_____
CHARLES D. SUSANO, JR., JUDGE